UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE VALLEY OPERATING ENGNINEERS HEALTH FUND, and DAVID RHEA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:17-cv-1369 Judge Aleta A. Trauger |
| RONALD DENNIS, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Motion for Summary Judgment (Docket No. 23), filed by the plaintiffs, Tennessee Valley Operating Engineers Health Fund ("TVOEHF") and David Rhea, to which the defendant, Ronald Dennis, has not filed a response. For the reasons discussed herein, the motion will be granted.

## BACKGROUND

TVOEHF is a welfare plan as that term is defined[1] in the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Rhea is the Chairman of the Board of Trustees for TVOEHF, is a named fiduciary for TVOEHF, and brings this action on behalf of TVOEHF. Dennis is a former construction equipment operator. In 2011, while operating cranes for the

---

[1] "The term[]. . . "welfare plan" mean[s] any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions)." 29 U.S.C. § 1002(1).

1

private construction company Day & Zimmerman International, Inc. ("Day & Zimmerman"), Dennis suffered an injury that eventually forced him to stop working. As a result, he has not worked in construction for approximately five years. Dennis filed a workers' compensation claim for the injury, which he settled in 2016 for $80,000. The TVOEHF written plan document specifically provides for exclusions, including that benefits will not be payable for charges incurred "[a]s the result of a disease or sickness or injury that results from any active employment, or for which benefits are payable under any Workers' Compensation Act or any Occupational Diseases Act, or such similar law." (Docket No. 25 at 2–3.) It also "authorizes TVOEHF and its Trustees such as Rhea to recover mistaken benefit payments from any responsible persons or entities by any means appropriate, including instituting proceedings of any nature whatsoever to recover." (Docket No. 1 at 3.) Despite Dennis being ineligible for benefits due to having suffered his injury at work, TVOEHF mistakenly paid $8,817.07 to healthcare providers on Dennis's behalf.

Dennis is still in possession of the $80,000 from his workers' compensation settlement, which he keeps in a savings account. Dennis and his wife own their house, without debt. They also own the house next door, without debt, which they rent out for $500 per month. Dennis receives a monthly pension benefit of $2,100, and his wife receives social security payments. As an additional source of income, they periodically buy, refurbish, and resell properties using the money from Dennis's workers' compensation settlement. In 2016, the couple made a profit of between $20,000 and $30,000 from buying and selling homes. On October 13, 2017, the plaintiffs filed suit in this court, seeking to recoup the $8,817.07 mistakenly paid on behalf of Dennis. (Docket No. 1.) On June 7, 2018, they moved for summary judgment. Dennis did not respond.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary judgment, if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

In the Sixth Circuit, a district court may not use a party's failure to respond as a reason for granting summary judgment "without first examining all the materials properly before it under Rule 56(c)." *Briggs v. Univ. of Detroit-Mercy*, 611 F. App'x 865, 870 (6th Cir. 2015) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014)). This rule exists because "[a] party is never required to respond to a motion for summary judgment in order to prevail since

the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *F.T.C.*, 767 F.3d at 630 (quoting *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). Thus, "even where a motion for summary judgment is unopposed (in whole or in part), a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *Briggs*, 611 F. App'x at 871. But the court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* (quoting *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992)).

## ANALYSIS

There is no dispute of material fact in this case. Dennis concedes that the sum TVOEHF seeks to recoup was paid mistakenly, as he was not eligible for TVOEHF benefits due to suffering his injury at work. The plaintiffs are therefore entitled to summary judgment if they are authorized to seek recoupment, and recoupment would not result in inequitable hardship to Dennis. *See Sheward v. Bechtel Jacobs Co. LLC Pension Plan*, No. 3:08-CV-428, 2010 WL 841301, at *6 (E.D. Tenn. Mar. 4, 2010); *Johnson v. Ret. Program Plan*, No. 3:05-CV-588, 2007 WL 649280, at *6 (E.D. Tenn. Feb. 27, 2007). ERISA fiduciaries have "the power and corresponding duty to act in the interests of the plan's beneficiaries, that is, to take necessary and appropriate action with respect to . . . missing repayments." *Sheward* 2010 WL at *6 (quoting *Best v. Cyrus*, 310 F.3d 932, 935 (6th Cir. 2002)). This "specific duty to secure . . . repayments" arises "because ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries." *Best*, 310 F.3d at 935. "If a trustee has made a payment out of trust property to one of several beneficiaries to which the beneficiary was not entitled, his beneficial interest is subject to a charge for the repayment thereof." *Johnson*, 2007 WL at *6 (quoting Restatement of Trusts (Second) § 250). Fiduciary duties under

4

ERISA also include those imposed by the plan documents. *Sheward*, 2010 WL at *6. In addition to determining whether recoupment is authorized, district courts must consider "the possible inequitable impact recoupment may have" on defendants in ERISA mistaken payment cases. *Wells v. U.S. Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1251 (6th Cir. 1991).

Dennis does not dispute that the TVOEHF plan document authorizes the plaintiffs to recover mistaken payments. (Docket No. 14 at 1–2 (Defendant's Answer to Complaint).) Nor does the record support facts that would make repayment inequitable. The Sixth Circuit explained in *Wells* that whether repayment would be inequitable depends on:

> the beneficiary's disposition of the money which he was overpaid, the amount of the overpayment, the nature of the mistake made by the administrator, the amount of time which has passed since the overpayment was made, and the beneficiary's total amount of income and the effect recoupment would have on that income.

*Wells*, 950 F.2d at 1251 n.3 (6th Cir. 1991). In his deposition, Dennis did not claim that the mistaken payment was so great that he restructured his life around it, nor that the mistaken payment was made decades ago or over the course of many years. Rather, he acknowledged that the payments totaled less than $10,000 and were made within the last few years. (Docket No. 22-1 at 14.) *Cf. Johnson*, 2007 WL at *7–8 (finding no inequity despite retiree mistakenly receiving approximately $115,000 over ten years). Similarly, Dennis did not claim in his deposition that he depends for his livelihood on the funds he mistakenly received. To the contrary, he agreed that he could repay the amount from his savings account, if so ordered by the court. (Docket No. 22-1 at 16–17); *cf. id*. at *8 (finding no inequity where recoupment would constitute approximately one-fourth of retiree's taxable income). Given the small nature of the sum involved, the recency with which the payment was mistakenly made, and Dennis's other property holdings, savings, and income streams, the undisputed facts show that repayment would not be inequitable in this case.

Because there is no dispute of material fact, the plaintiffs are entitled to judgment as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the plaintiffs' Motion for Summary Judgment (Docket No. 23) is **GRANTED**. Dennis shall repay $8,817.07 to TVOEHF within thirty (30) days.

This Order constitutes the judgment in this case.

It is so ORDERED.

ENTER this 7th day of August 2018.

                                                ALETA A. TRAUGER
                                                United States District Judge