UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE VALLEY OPERATING ENGNINEERS HEALTH FUND, and DAVID RHEA, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD DENNIS, <br><br> Defendant. | Case No. 3:17-cv-1369 <br> Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Pending before the court is a Motion for Attorney's Fees (Docket No. 28), filed by the plaintiffs, Tennessee Valley Operating Engineers Health Fund ("TVOEHF") and David Rhea, to which the defendant, Ronald Dennis, has not filed a response. For the reasons discussed herein, the motion will be **GRANTED**.

## BACKGROUND

TVOEHF is a welfare plan as that term is defined in the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"). Rhea is the Chairman of the Board of Trustees and a named fiduciary for TVOEHF. Dennis is a former construction equipment operator. In 2011, while operating cranes for a private construction company, Dennis suffered an injury that eventually forced him to stop working. He filed a workers' compensation claim for the injury, which he settled in 2016 for $80,000. The TVOEHF written plan document specifically provided for exclusions, including that benefits would not be payable for charges incurred due to a work-related injury. (Docket No. 25 at 2–3.) Despite Dennis having suffered his injury at work (thus making him ineligible for benefits), Dennis completed and submitted to TVOEHF a claim form

1

for a welfare benefit, indicating he was eligible to receive the benefit from TVOEHF. TVOEHF paid $8,817.07 to healthcare providers on Dennis's behalf. The plaintiffs made a demand upon Dennis for repayment of the $8,817.07, which Dennis refused.

On October 13, 2017, the plaintiffs filed suit, seeking to recoup the funds mistakenly paid. (Docket No. 1.) On August 7, 2018, the court granted the plaintiffs' unopposed motion for summary judgment and ordered Dennis to repay the $8,817.07 that TVOEHF paid on his behalf. (Docket No. 26.) On September 6, 2018, the plaintiffs moved to recover $9,440 in attorney's fees. (Docket No. 28.) The plaintiffs also seek to recover $520 in costs, based on the court's $400 filing fee and a $120 service fee. (Docket No. 31 at 1.) In total, the plaintiffs ask for $9,960 in fees and costs, broken down as follows:

| Biller/Cost | Rate | Hours | Total |
|---|---|---|---|
| R. Jan Jennings (partner) | $450 | 19 | $8,550 |
| Anthony Orlandi (associate) | $350 | 1 | $350 |
| Tom Reisner (paralegal) | $75 | 7.2 | $540 |
| Filing and Service Fees | N/A | N/A | $520 |

(Docket Nos. 31 at 1, 33-1 at 2–3.)

# ANALYSIS

## A. Entitlement to Fees

"In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(2). ERISA does not require a litigant to establish that he is the "prevailing party" in order show entitlement to fee-shifting. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). He must, however, demonstrate "some degree of success on the merits." *Id.* at 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). Contrary to the plaintiffs' contention that "[a]s a general rule . . . a reasonable attorney's fee should be awarded to parties who prevail in ERISA actions," (Docket No. 28 at 2 (quoting *S. Elec. Health Fund v. Kelley*, 308 F. Supp. 2d 847, 870 (M.D. Tenn. 2003) (Echols, J.)), the Sixth Circuit "has rejected a presumption that attorney['s] fees should ordinarily be awarded to the prevailing plaintiff." *Shelby Cty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 376–77 (6th Cir. 2009) (quoting *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005)). Rather, the Sixth Circuit has identified five factors to guide a court's decision regarding whether to award attorney's fees in an ERISA case:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, 618 F. App'x 246, 258 (6th Cir. 2015) (quoting *Majestic Star*, 581 F.3d at 376). These factors are "sometimes referred to in this circuit as the '*King* factors,'" *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996), after *Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). "No single factor is

determinative, and thus, the district court must consider each factor before exercising its discretion." *Patrie*, 618 F. App'x at 258 (quoting *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008)).

The court finds that three *King* factors support an award of fees and costs in this case. First, the record demonstrates that Dennis has the financial means to satisfy the amount sought by the plaintiffs. As the court explained in its previous order, granting the plaintiffs' summary judgment motion:

> Dennis is still in possession of the $80,000 from his workers' compensation settlement, which he keeps in a savings account. Dennis and his wife own their house, without debt. They also own the house next door, without debt, which they rent out for $500 per month. Dennis receives a monthly pension benefit of $2,100, and his wife receives social security payments. As an additional source of income, they periodically buy, refurbish, and resell properties using the money from Dennis's workers' compensation settlement. In 2016, the couple made a profit of between $20,000 and $30,000 from buying and selling homes.

(Docket No. 26 at 2.) The court thus finds that an award of approximately $10,000 is within Dennis's means. Second, the plaintiffs bring this action on behalf of the plan, and thus seek to confer a common benefit on all beneficiaries. *See Humana Ins. Co. of Kentucky v. O'Neal*, No. CV 16-173-DLB-JGW, 2017 WL 3015173, at *7 (E.D. Ky. July 14, 2017) ("Humana did seek to incur a benefit on the parties through this litigation by insuring that it paid benefits to the rightful beneficiary."), *aff'd*, 727 F. App'x 151 (6th Cir. 2018). The plaintiffs are attempting to recover monetary losses suffered by the plan, making the beneficiaries whole by ensuring the funds are used to pay benefits to eligible participants. Because the amount the plaintiffs seek to recover is relatively small, this factor weighs only slightly in their favor. Finally, the relative merits of the parties' positions clearly favor the plaintiffs, as Dennis concedes that he submitted a claim to TVOEHF and that the benefits conferred upon him as a result were paid in error. Moreover,

despite admitting that the funds were paid in error, Dennis refused the plaintiffs' requests for repayment, forcing the plaintiffs to bring this litigation to recoup their losses.

Less certain are Dennis's culpability in the matter and the deterrent effect an award would have on individuals in similar circumstances. In his Answer, Dennis contends that the funds were mistakenly paid on his behalf due to an error by his doctor. (*See* Docket No. 14 at 2 ("[T]he mistakenly provided benefits stem from the care of Dr. Michael Czarnecki, an Authorized Treating Physician in the workers compensation claim who's [sic] office mistakenly submitted bills to the TVOEHF instead of the workers compensation insurance carrier for the Employer."). Dennis recounted the alleged error in his deposition:

> I was trying to get Workman's Comp and then -- well, what happened, okay, I went to my doctor and I was having breathing problems. They had sent me to this quack down here that the Workman's Comp had. He lost his license from using drugs. And he's [sic] Cookeville office. And okay, I couldn't get a doctor, and I was having breathing problems. But he said there wasn't nothing the matter with me, but he wrote my prescriptions anyway for Workman's Comp to pay. And then I -- you know, my doctor I had to go to, I was there for something else too and I had breathing problems. Dr. Debora Daniels, and she referred me to Czarnecki. And I went there because I was having breathing problems. And they had give [sic] a list to Workman's Comp and I thought that was what they was [sic] going to do, but they got my information from Dr. Daniels on my insurance and -- and -- for [TVOEHF]. And that's how they filed it. And then he tells me they won't take Workman's Comp. That's how that all come [sic] about.

The plaintiffs' position is that Dennis is culpable because he admits that he completed and submitted a form inaccurately indicating he was eligible for the benefits and failed to disclose that his claim was for a work-related injury. (Docket No. at 2.)

There is insufficient evidence in the record for the court to determine Dennis's level of culpability, and consequently the measure of any deterrent effect. If the benefits were indeed mistakenly paid due to a clerical error between doctors' offices, an award of fees might deter people from filing meritorious benefits claims for fear that a doctor's office error could cost them

5

thousands of dollars. But Dennis admits that he completed and submitted a benefits claim to TVOEHF indicating that he was eligible for benefits when he was not eligible. There is also a deterrent effect in disincentivizing individuals from submitting claims for which they are ineligible. Because of the uncertainty regarding these factors, the court will not consider culpability or deterrence as favoring either party. Excluding those factors, the court concludes that an award of fees and costs is appropriate. The funds to pay the fees and costs, while not likely to have a significant financial impact on the plan, were taken from the plan to the detriment of its beneficiaries. Dennis admits that he submitted a claim to TVOEHF and wrongly received the payments as a result. Nonetheless, he failed to repay the money he wrongly received, despite having the means to do so. He also has the means to cover the award sought here. The *King* factors therefore support an award of fees and costs.

**B. Amount of Fees**

The party seeking an attorney's fee award pursuant to a statute has two main obligations: (1) to provide the court with "evidence supporting the hours worked and rates claimed" and (2) to demonstrate that the requested fee award is "reasonable." *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015); *Lance Coal Corp. v. Caudill*, 655 F. App'x 261, 262 (6th Cir. 2016). The starting point for determining the reasonableness of a requested fee is the "lodestar" analysis, whereby the requested fee is compared with the amount generated by multiplying the number of hours reasonably worked on the litigation by a reasonable hourly rate. *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). In determining whether a requested hourly rate is reasonable, the court looks to the "prevailing market rate in the relevant community" and considers the skill, experience, and reputation of the attorneys involved in the litigation. *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). If the requested fee is essentially in line

with the "lodestar," then there is a strong presumption that the requested fee is reasonable and recoverable. *Id.*

The court finds that the rates requested are reasonable and that no adjustment is required. Jennings' claimed partner rate of $450/hour is within the bounds of rates that this court has approved for attorneys at an experience level similar to Jennings' 44 years of practice. *See Villegas v. Metro. Gov't*, No. 3:09-0219, 2012 WL 4329235, at *7 (M.D. Tenn. Sept. 20, 2012) (Haynes, J.) (approving hourly rate of $535); *Crawford v. Metro. Gov't*, No. 3:03-0996, 2010 WL 11610314, at *3 (M.D. Tenn. Apr. 9, 2010) (Campbell, J.) (approving hourly rate of $500). The same is true for the $350 rate claimed for Orlandi, a senior associate with twelve years of experience. *See, e.g., Shoney's N. Am., LLC v. Smith & Thaxton, Inc.*, No. 3:12–CV–00625, 2015 WL 5139304, at *1 (M.D. Tenn. Sept. 1, 2015) (Sharp, J.) (approving rates ranging from $195/hour to $360/hour as reasonable); *Savage v. City of Lewisburg, Tennessee*, No. 1:10–0120, 2015 WL 12791467, at *2 (M.D. Tenn. Feb. 24, 2015) (Aspen, J.) (approving rate of $225/hour as reasonable); *McCutcheon v. Finkelstein Kern Steinberg & Cunningham*, No. 3–11–0696, 2013 WL 4521016, at *2 (M.D. Tenn. Aug. 27, 2013) (Sharp, J.) ("[T]he prevailing market rate in the Middle District of Tennessee for experienced attorneys seeking recovery of attorney's fees under federal fee shifting statutes generally hovers between $250 and $275 per hour."). Likewise, the $75 paralegal rate claimed for Reisner is commensurate with local standards. *See, e.g., Lilly–Davis v. Rashid*, No. 3:12–CV–0224, 2014 WL 2683741, at *1 (M.D. Tenn. June 13, 2014) (Sharp, J.) (approving $100/hour rate); *McCutcheon*, 2013 WL 4521016, at *1, *4 (reducing paralegal rates from $135/hour to $75/hour). Fees and costs will therefore be awarded as requested by the plaintiffs.

**CONCLUSION**

For the foregoing reasons, the plaintiffs' Motion for Attorney's Fees (Docket No. 28) is hereby **GRANTED**.  Dennis shall pay $9,960 to TVOEHF within thirty (30) days.

It is so **ORDERED**.

ENTER this 30th day of November 2018.

ALETA A. TRAUGER
United States District Judge